SPARKS *v.* MURRAY.

Opinion delivered July 12, 1915.

1. APPEALS—TIME FOR TAKING.—The Act of February 17, 1915 (Act No. 62), shortening the time for taking appeals to the Supreme Court, does not apply to a judgment rendered before the passage of said act; the act did not become a law until ninety days after the adjournment of the Legislature which passed it.

2. LANDLORD AND TENANT—REPAIRS—ABSENCE OF COVENANT—ATTEMPTED REPAIR.—Notwithstanding the landlord is under no implied obligation to make repairs or improvements upon leased premises, in the absence of a covenant or agreement to do so, still if he undertakes to make such improvement or repairs and makes them in such a negligent and careless manner as to injure the tenant the tenant may recover damages therefor.

Appeal from Jefferson Circuit Court; *A. H. Rowell,* Special Judge; reversed.

STATEMENT BY THE COURT.

Appellee brought this suit to recover rent claimed to be due for certain premises in the city of Pine Bluff, Arkansas, for fifteen months, at $75 per month, under the terms of a written lease.

Appellant answered, admitting the execution of the lease; that the notes given for the rent had not been paid, but alleged that the roof of the building was out of repair and leaked and that the appellee agreed to repair and fix it and attempted to do so, but that it leaked and rained through and damaged his stock of goods to the amount of $2,500; that appellee was continually notified of the damage, agreed to remedy it and attempted upon several occasions to have the roof repaired and the leak stopped, and that because of his failure to do so, the building became untenantable and was abandoned by appellant and denied any liability for rent on that account.

It appears from the testimony that appellant went into the building with a stock of merchandise and musical instruments, under the terms of the present lease, on the 1st day of October, 1910, agreeing to pay $75 per month therefor. That on the 29th day of December, 1910, he abandoned the premises, claiming that the defective roof

and appellee's negligent repair of it, made the building untenantable on account of water leaking in and damaging his stock. Appellant had been occupying the building for some months before with the consent of appellee as a subtenant of one Drummond.

The testimony tends to show that at the place in the roof where the back part of the building joined the other, the rain water ran through and ran down into the store, wetting and injuring the clothing and musical instruments and causing the clothing to mould and mildew and the musical instruments to swell and the seams to separate.

Appellee was notified of the defective condition of the roof and agreed to repair it and sent workmen upon several different occasions upon the roof to repair it who reported that the repairs had been made. The work was done in such a negligent way, however, as that the roof continued defective and to leak and cause the damage complained of.

There was no covenant in the lease requiring the landlord to make repairs.

The court instructed a verdict for appellee for the amount claimed and refused over appellant's objection his requested instruction numbered 1, as follows:

"If you find from the evidence that the leased premises consisted of a store room on the ground floor and that plaintiff, lessor, upon the complaint and at the request of defendant, lessee, volunteered and undertook to repair the roof over the leased premises, which was in a leaky condition, and that defendant relied on such promises and undertakings of plaintiff to make such repairs, but plaintiff made such repairs in an improper and unskilled manner, causing damage to defendant's stock of goods by rain water leaking through said roof upon said goods caused by the unworkmanlike and unskilled manner of repairing said roof as aforesaid, then you should find for the defendant upon his counter-claim herein in such sum, if any, as the evidence may show his goods and merchandise in the leased store room were damaged

by reason of such rain water and the flooding of said premises thereby.''

From the judgment on the verdict, this appeal is prosecuted.

*J. L. Shaw* and *Coleman & Gantt,* for appellant.

Where the owner and lessor voluntarily or at the request of the tenant, undertakes to make repairs but fails to do so, or does the repairing in such an unskillful manner that damage results to the tenant therefrom, who has relied upon such promise or undertaking by the owner, then the owner is liable to the tenant for his loss, and upon a suit by the owner for rent, such tenant may set up by way of defense such resultant untenantableness of the premises as an eviction therefrom, and may set up the resultant damages to him as a counter-claim. 123 S. W. 543; 99 S. W. 428; 66 Pac. 627; 134 Pac. 436; *Id.* 438; 110 S. W. 564; 79 Atl. 885; 150 S. W. 77, 78, 79; 24 Cyc. 1116; 78 N. E. 96.

*M. Danaher* and *Palmer Danaher,* for appellee.

1. The appeal was not taken within six months after the rendition of the judgment and should be dismissed. Act No. 62, Acts 1915.

2. Appellant admits that appellee was under no obligation to make repairs, and the contention that the failure to do so therefore falls to the ground.

3. The damage upon which the counter claim is based, occurred before the execution of the lease involved in this action, and affords no ground for counter-claim in this suit. 83 Ark. 283.

KIRBY, J. Appellee urges that the appeal was not taken within six months from the time of the rendition of the judgment and should on that account be dismissed.

(1) The act approved February 17, 1915, Act No. 62, shortening the time for taking appeals, does not apply to this judgment rendered before its passage and said act did not become a law until ninety days after the adjournment of the Legislature which passed it, or in June after the

appeal was taken in April. *Rankin* v. *Schofield,* 70 Ark. 83; *Arkansas Tax Commission* v. *Moore,* 103 Ark. 48, 145 S. W. 199.

The court erred in refusing appellant's requested instruction numbered 1. While it is true there is no stipulation or covenant in the lease requiring the lessor to make repairs, and he is not, under the terms of it, bound to do so, still there is substantial testimony tending to show that he agreed to repair the roof and undertook and attempted to do so, and that injury resulted to the tenant from his negligence in not making the repairs effective, and the requested instruction would properly have submitted to the jury the question of his liability for damages therefor.

(2) The law appears to be settled that notwithstanding the landlord is under no implied obligation to make repairs or improvements upon leased premises, in the absence of a covenant or agreement to do so, still if he undertakes to make such improvement or repairs and makes them in such a negligent and careless manner, as to injure the tenant, the tenant may recover damages therefor.

"Where the landlord undertakes to make repairs upon the demised premises, he is liable for injuries resulting from the negligence of himself or his servants in making such repairs, and this is true even where the landlord is under no obligation to make such repairs, but undertakes to make them gratuitously." 24 Cyc. 1116.

In *Horton* v. *Early,* 134 Pac. 436, the Supreme Court of Oklahoma cites numerous cases in support of its opinion, declaring the law as follows:

"Notwithstanding that plaintiff was not legally bound to repair the roof, yet, having undertaken so to do, he is liable for the damage sustained on account of a failure to make said repairs in a proper and skillful manner. The principle that governs in such cases being that, although the landlord is not bound to repair in the absence of an express covenant to repair, where no controlling statute interferes, and though his promise to repair,

made subsequent to the execution of the lease, is without consideration, and hence is unenforceable, yet if he shall voluntarily and gratuitously undertake, during the term, to repair the demised premises, he is bound in so doing to use ordinary care and diligence. He may be held responsible for his negligence or lack of care and skill, or the negligence of his servant, or those employed by him in doing what, in the first instance, he was not bound to do. The distinction is made by the authorities between nonfeasance and misfeasance of the landlord. In other words, the law distinguishes between the failure or refusal of the landlord to do what he has not promised to do, or is not legally bound to do, and his doing it in a negligent manner. But if the landlord voluntarily repairs and actually enters upon the carrying out of his scheme of repair, he will be responsible for the want of due care in the execution of the work, upon the principle of liability for negligence, without reference to any question of implied contract to repair, or implied consideration." See, also, *Michael Bros. v. Billings Printing Co.,* 150 S. W. (Ky.) 77.

For the error in instructing the verdict and refusing appellant's requested instruction numbered one, the judgment is reversed and the cause remanded for a new trial.