ESSIE ALSTON *v.* MRS. A. H. KAHN SR. ET AL

5-4138                                                411 S. W. 2d 659

Opinion delivered February 27, 1967

*Loftin, Herrod & Cole,* for appellant.

*Wright, Lindsey & Jennings;* By: *William R. Overton,* for appellee.

CONLEY BYRD, Justice. This is a suit by a tenant's guest against the landlord and the landlord's agent for injuries sustained in a fall through a rotten board on a porch. Appellant Essie Alston was the guest. Hattie Lewis was the tenant, and appellee Mrs. A. H. Kahn was the landlord. Appellee United Corporation was the landlord's agent. At the conclusion of appel-

lant's testimony the trial court directed a verdict in favor of the landlord and her agent.

Appellant states that the sole question on this appeal is, "Did the landlord (or his agent) in making repairs (prior to the accident), make them in a careful and diligent manner?" In making this contention, appellant relies upon *Sparks* v. *Murray,* 120 Ark. 17, 178 S. W. 909 (1915), where we stated:

> "(2) The law appears to be settled that notwithstanding the landlord is under no implied obligation to make repairs or improvements upon leased premises, in the absence of a covenant or agreement to do so, still if he undertakes to make such improvement or repairs and makes them in such a negligent and careless manner, as to injure the tenant, the tenant may recover damages therefor.

> " 'Where the landlord undertakes to make repairs upon the demised premises, he is liable for injuries resulting from the negligence of himself or his servants in making such repairs, and this is true even where the landlord is under no obligation to make such repairs, but undertakes to make them gratuitously.' "

The testimony, when viewed in the light most favorable to appellant, shows that Mrs. Hattie Lewis has been renting the premises for approximately twenty-five years. The rental value since 1952 has been $20 per month. Mrs. Lewis stated that approximately three years ago, United Corporation repaired the front steps leading to the porch, and also repaired some boards on the south end of the porch. No repairs were made at that time to the north end of the porch between the steps and the door, where this accident occurred. On cross-examination, Mrs. Lewis was not definite as to the time when the repairs were made, but was quite certain that the boards repaired at that time had already decayed at the time of the accident. In response to ques-

tions on cross-examination, Mrs. Lewis stated that you couldn't tell that the board through which appellant fell was rotten or decaying, and that she used the front porch every day—on the surface it looked just fine.

Appellant, Mrs. Alston, testified that she had been across this porch several times and that the rotten condition of the porch was not obvious.

In the light of the foregoing testimony, the repairs made by the landlord had themselves decayed at the time appellant fell through the porch. We can find no evidence indicating that either the landlord or her agent was negligent in the manner in which the porch was repaired. There is absolutely no testimony showing that at the time the landlord made the repairs she either knew or should have known that the board through which the appellant fell had deteriorated to the point that it needed replacement.

Therefore, we hold that the trial court correctly directed a verdict in favor of the landlord and her agent.

Affirmed.