# MAY CONSTRUCTION COMPANY *v.*
## ROBERTA J. FRICK

5-6110                                        488 S.W. 2d 3

## Opinion delivered December 18, 1972

*Smith, Williams, Friday, Eldredge & Clark,* by: *William H. Sutton,* for appellant.

*Barber, Henry, Thurman, McCaskill & Amsler,* by: *Guy Amsler Jr.,* for appellee.

GEORGE ROSE SMITH, Justice. This is an action for personal injuries sustained by the appellee when she tripped on a hose which the appellant, a contractor, had placed across a public sidewalk. This appeal is from a $6,000 verdict and judgment for the plaintiff. Among several contentions for reversal we need consider only the appellant's insistence that it was entitled to a directed verdict.

At the time of her fall Mrs. Frick, age 89, was a resident of Presbyterian Village, a home for the elderly in Little Rock. May Construction Company had contracted to build an infirmary on the Village premises. In the course of the work May found it necessary to pump the water from a creek bed that crossed the Village property and passed through a culvert beneath the sidewalk along Brookside Drive, a public street. In pumping

out the water May placed a four-inch hose and a two-inch hose across the sidewalk directly above the culvert.

On the afternoon of the accident Mrs. Frick, who was quite active for one of her age, had started to walk about half a mile to a mailbox on Markham Street, to mail two or three letters. During her five-year residence at the Village Mrs. Frick had walked that route many, many times. She testified that she saw the hoses about twenty-five feet before she reached them. "I figured I could step over them and so I just stepped up, but I didn't do it." In an earlier statement, which was read to the jury, Mrs. Frick had said: "I was about twenty-five feet back from where a ditch was when I saw some hose across the sidewalk. I thought I could step across them without any problem. I stepped over one of the hose[s] but not over the second. When I stepped over the second hose, I tripped and fell to the sidewalk." There was a metal handrail along the edge of the sidewalk at that point, but Mrs. Frick did not try to use it until she was actually falling.

We cannot conscientiously say that May's conduct in laying the hoses across the sidewalk was a proximate cause of Mrs. Frick's fall. A proximate cause is one which, in a natural and continuous sequence, produces damage. AMI 501 (Civil, 1965). Here the hoses might fairly be likened to tree limbs of comparable size that had been blown upon the sidewalk by the wind or washed upon it by the rain. The action of the elements would have created a condition passively involved in the accident; but neither the wind nor the rain would be regarded as a proximate cause of the mishap, the causal connection being too indirect.

An almost identical situation was considered by the Supreme Court of Mississippi in *Rowe* v. *City of Winona,* 248 Miss. 411, 159 So. 2d 282 (1965). There an elderly woman observed a crack in the sidewalk and thought that she could step across it. She did not step far enough, however, and caught her heel in the crack, resulting in a fall. In sustaining a directed verdict for the defendant municipality the court said:

"Mrs. Rowe knew about the existence of the crack in the walk and frankly stated that she thought she was stepping over it. As a matter of fact, she knew that the crack was there—one merely big enough on which to catch her shoe heel. Obviously the sole cause of her fall was her own miscalculation about the length of the step which she was taking at the time. Unlike the cases which she had cited, there was nothing concealed in this instance to mislead a pedestrian in the exercise of ordinary care. Mrs. Rowe had actual knowledge of the condition."

In the case at bar Mrs. Frick, with complete candor, testified that she was aware of the hoses and thought that she could step over them without difficulty. In the circumstances we are compelled to agree with the Mississippi court, that the defendant's conduct was not a proximate cause of the plaintiff's injury. That conclusion makes it unnecessary for us to consider whether either a city ordinance or a Department of Labor code provision, both having to do with sidewalk obstructions, should have been considered by the jury.

Reversed and dismissed.

JONES, J., dissents.