Ruth GIST and Johnny GIST, Her Husband *v.*
MEREDITH MARINE SALES AND SERVICE, INC.

81-54                                              615 S.W. 2d 365

Supreme Court of Arkansas
Opinion delivered May 18, 1981

*Branch & Thompson*, by: *Brian F. MacMillan*, for appellants.

*Frierson, Walker, Snellgrove & Laser*, by: *G. D. Walker*, for appellee.

JOHN I. PURTLE, Justice. This is an appeal from a jury verdict rendered in favor of the appellee upon the appellants' complaint for damages on account of personal injury. The complaint sounded in tort and alleged negligence on the part of the appellee.

On appeal the appellants argue three points for reversal: (1) the trial court erred in prohibiting the appellants from establishing the feasibility of precautionary measures; (2) the trial court erred in prohibiting the introduction of Plaintiffs' Exhibit 2-7 in the appellants' case in chief; (3) the trial court erred in prohibiting appellants' use of Plaintiffs' Exhibits 2-7 for impeachment on cross-examination. We do not find reversible error and therefore affirm the judgment of the trial court.

Appellant, Ruth Gist, and her husband, Johnny Gist, brought suit against the appellee as a result of injuries which Ruth Gist suffered on October 5, 1977, during an outing on Lake Norfolk. She and her husband stopped at appellee's marina for the purpose of using its facilities, including the restrooms. The restrooms were further up the hill than the boating facilities, and Ruth Gist climbed up the steep gravel path to the restroom without any apparent difficulty. On the way back down she slipped and fell, breaking her ankle.

During the jury trial appellants attempted to establish the feasibility of correcting the dangerous situation that existed on the walkway leading to and from the restrooms. They sought to show that the appellee had built concrete steps from the marina to the restrooms. The trial court prevented appellants from introducing photographs of the completed stairway and testimony establishing the feasibility of constructing the steps.

Uniform Rules of Evidence, Rule 407, provides that measures taken after an event are not admissible to prove negligence or comparable conduct in connection with the event. However, the rule does not require the exclusion of subsequent measures if offered for the purpose of proving ownership, control, or feasibility of precautionary measures, if controverted, or for impeachment. The appellee admitted in deposition and cross-examination that the stairway had been discussed for several months prior to the injury of appellant and that he had obtained permission from the Corps of Engineers and had constructed the steps leading to the restrooms after appellant was injured. It was not disputed that the property was owned by the Corps of Engineers or that it was leased by the appellee. In view of the fact that all of the provisions allowing proof of feasibility of precautionary measures were admitted by the appellee, there was no reason to allow such proof.

The purpose of evidence is to present the truth to the court and jury. Generally speaking, whether evidence is admissible depends upon whether it is likely, all things considered, to advance the search for truth. Rule 407 has its

exceptions for the purpose of allowing evidence to be admitted, in the proper case, when it is obvious such evidence contributes to a meaningful understanding of the truth. Before the exceptions to Rule 407 come into play it must be shown that the matter sought to be proven by use of the exceptions is controverted. As there was no real controversy of the issues in the case now before the court, it was correct in excluding the testimony.

Arguments two and three will be considered at the same time since both involve the admission of photographs into evidence. The photographs were not reproduced as required by the Rules of this Court, Rule 9(d). In any event, the intended purpose of the photographs was to prove control, ownership, feasibility, and to cross-examine. Certainly, one of the prime purposes of cross-examination is impeachment. However, there was nothing to impeach because the appellee admitted this portion of the allegations of the complaint.

We think Rule 407 changes the prior law on the admission of evidence relating to conditions which have changed after an incident. We previously held that photographs taken after conditions had changed were not admissible in evidence. *Dermott Grocery & Com. Co. of Eudora* v. *Meyer*, 193 Ark. 591, 101 S.W. 2d 443 (1937). Even now such photographs could not be offered to prove negligence on the part of the appellee. If the appellee had denied ownership, control, or feasibility, then the evidence and photographs would have been proper. Even if it be considered that such matters were in dispute, this is a matter which falls within the discretion of the trial court. Uniform Rules of Evidence, Rule 403. We could not say, under the circumstances, that the trial court abused its discretion. Therefore, we find no error in the trial court refusing to allow these photographs to be submitted into evidence.

Affirmed.

Holt, J., not participating.