DENA CONSTRUCTION COMPANY, INC., and J.A.
Lamberth *v.* BURLINGTON NORTHERN RAILROAD

88-201                                          764 S.W.2d 419

Supreme Court of Arkansas
Opinion delivered February 6, 1989

*Mixon & McCauley*, for appellant Dena Construction Co.

*McDaniel & Wells, P.A.*, by: *Phillip Wells,* for appellant J.A. Lamberth.

*Barrett, Wheatley, Smith & Deacon*, for appellee.

JOHN I. PURTLE, Justice. Dena Construction Company, Inc., and J.A. Lamberth, appeal from the verdict and judgment of the trial court finding that neither the driver of the tractor pulling the lowboy trailer nor the operator of the railroad train were negligent. For reversal the appellants argue that: (1) the court erred in granting the railroad's motion in limine to prohibit the introduction of evidence of subsequent remedial measures; (2) the court erred in submitting to the jury a violation of statute instruction describing a railroad's obligation to construct a crossing at a specified grade; and (3) the court erred in denying appellant's instruction concerning the duty of a railroad to construct and maintain safe crossings. We conclude that the trial court did not err and therefore affirm the decision.

On March 6, 1987, Randy King, an employee of J.A. Lamberth, was driving a tractor pulling a lowboy trailer which carried a bulldozer owned by Dena Construction Company. As he attempted to cross the Burlington Northern Railroad tracks on Hasbrook Road, the lowboy became lodged on the tracks. For about 45 minutes the driver of the tractor attempted to dislodge the lowboy from the crossing. He also attempted to notify Burlington Northern that the crossing was blocked by the trailer. However, the appellee never received any warning, and its train struck and destroyed the lowboy trailer and the bulldozer. Dena

and Lamberth sued the railroad for damages asserting: (1) negligence in constructing the crossing, (2) failure to establish appropriate notice procedures, and (3) negligent operation of the train. Burlington answered, claiming negligence on the part of King. The jury returned a verdict finding no negligence on the part of anyone.

At the beginning of the trial the court granted appellee's motion in limine and prohibited the appellants from introducing evidence of a subsequent remedial nature. The stated purpose of the proffer of the evidence was to establish control of the crossing by the railroad, or to impeach a witness. During the course of the trial the appellants made several requests that they be allowed to offer the evidence of subsequent remedial measures, but each time the trial court reaffirmed its original decision.

Proffered exhibits 34 through 37 are photographs of the crossing which reveal that additional asphalt had been added to the highway on each side of the crossing. It was contended that this evidence would demonstrate that the railroad had control of the approaches to this crossing. However, the pictures themselves would not have established whether the city, state or railroad did the remedial work. In such case we cannot say the trial court abused its discretion in refusing to accept these photographs into evidence.

The appellants argue that the testimony of three witnesses would have established that the railroad did the work on the approaches to the Hasbrook crossing. Witness Van Doyle, roadmaster for Burlington Northern, testified that the railroad did not have the responsibility for the crossing except between the ends of the ties. He further stated that even if repairs or corrective measures were needed at the crossing, the railroad could not legally work beyond the ends of the ties. He testified that the authority to do this work was with the state or county. The appellants were not permitted to put in testimony by Van Doyle that the repair work on the asphalt approaches was performed by the railroad after the accident. It was contended that Doyle had testified in a deposition to the contrary. It may have been so, but the deposition is not abstracted.

It was acknowledged by the parties that the approaches to this crossing met the requirements of a state law concerning

grades of approaches. It is obvious that someone added the asphalt to the approaches for the purpose of making the crossing safer for such vehicles as the lowboy destroyed in the accident. However, subsequent remedial action is not allowed as proof of negligence.

■ Rule 407 of the Arkansas Rules of Evidence provides that subsequent measures are not admissible to prove negligence or culpable conduct in connection with a prior event. The rule concludes: "This rule does not require the exclusion of evidence of subsequent measures if offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment." Both parties cite *Gist* v. *Meredith Marine Sales*, 272 Ark. 489, 615 S.W.2d 365 (1981), where we applied the rule and stated: "However, the rule does not require the exclusion of subsequent measures if offered for the purpose of proving ownership, control, or feasibility of precautionary measures, if controverted, or for impeachment."

The appellants first argue that the excluded exhibits and testimony of Van Doyle were offered for the purpose of showing control. The testimony and evidence reveal that Burlington Northern was in control of the railroad and the state in control of the highway. Obviously the point where the two crossed was under the control of both. The court ruled that the crossing was under the joint control of the state and the railroad. Certainly there was no real dispute as to ownership or control in the present case.

■ The appellants also insist that the evidence was offered to impeach the testimony of Van Doyle. As previously stated, the deposition of Van Doyle was not introduced or proffered. We therefore cannot review what he said in his deposition. Since we are unable to determine from the abstract whether his testimony at the trial contradicted that in the deposition, we cannot hold that the evidence of subsequent repairs was offered for the purpose of impeachment. The appellants have failed to establish that this evidence was offered for some recognized exception to the rule rather than to prove negligence.

■ The second argument is that the court erred in giving a jury instruction based on a statute that prescribes the railroad's obligation to construct a crossing at a specified grade. See

Arkansas Code Annotated § 23-12-305 (1987). It was stipulated by the parties that the railroad crossing was constructed in accordance with this law. The court nevertheless instructed the jury on the requirements of the statute. The instruction did little more than repeat the stipulation. Since it was not at issue, the statute should not have been given in the instructions. However, the appellants have not demonstrated that it resulted in prejudicial error.

■ The appellants argue that the statute applies only to crossings in incorporated cities and towns; that the instruction was therefore improper because this crossing was outside the corporate limits. The critical wording of the statute applies the standard to "a railroad across any public road, highway, or street in any incorporated city or town." Perhaps the wording is awkward but its obvious meaning is to cover all railroad crossings. This statute refers to any crossing at a "public road," "highway," *or* "street in any incorporated city."

· The statute originally regulated only crossings outside the corporate limits of any city or town. The 1913 amendment imposed upon the railroad the same duty to erect crossings over streets in cities and towns as previously existed with respect to roads and highways. See *Kansas City S. Ry.* v. *City of Mena*, 123 Ark. 323, 185 S.W. 290 (1916). The appellants' contention that the statute applies only inside city limits is not well founded because this law clearly covers crossings outside as well as inside corporate limits.

■ The third argument is that the court erred in denying appellants' requested instruction concerning the duty of a railroad to construct and maintain safe crossings. The proffered instruction reads as follows:

> A railroad is under a duty properly to construct and maintain crossings over all public highways on the line of its road in such manner that the crossing is safe and convenient to travelers so far as it can do so without interfering with the safe operation of trains.

The proffered instruction seems to require the railroad to make its crossings safe and convenient to all travelers. The instruction probably goes beyond what the law of the state requires. If not, its

contents are included in the jury instruction given that both the railroad and the driver of the tractor had a duty "to use ordinary care for the safety of their own property and the property of others." It was not error for the court to refuse the proffered instruction.

Affirmed.