Joe Paul NEWMAN and Lorene C. Newman
## *v.* CRAWFORD CONSTRUCTION COMPANY

90-46                                      799 S.W.2d 531

Supreme Court of Arkansas
Opinion delivered November 19, 1990
[Rehearing denied December 17, 1990.*]

---

*Price, J., not participating.

*Sexton Law Firm, P.A.*, by: *Jeanne Ann Whitmire* and *Sam Sexton III*, for appellants.

*Warner and Smith*, by: *G. Alan Wooten*, for appellee.

STEELE HAYS, Justice. In this personal injury case the jury returned a verdict for the defendant, Crawford Construction Company. The plaintiffs, Joe Paul and Lorene Newman, have appealed. We find no error.

Joe Paul Newman is a journeyman electrician who sustained a serious injury while working for Thomas Electric Company, a subcontractor of Crawford Construction Company. Crawford Construction was engaged in the renovation of a four story building in Ft. Smith. The building was equipped with a freight elevator requiring manual operation. Greg Crawford, fourteen year old son of the president of Crawford Construction Company, was hired to operate the elevator which required pushing a lever forward to ascend and backward to descend.

The incident which precipitated the injury is the subject of some dispute. Joe Paul Newman testified that he had gathered some tools together to use on another floor and called for the elevator. When it came he raised the door and loaded the tools at the rear of the elevator. He said he reached up to pull down the elevator door and as he did so Greg Crawford grabbed him unexpectedly from the side. He immediately went to the floor with Greg on top of him, landing in a sitting position and causing a compound fracture to one ankle. Newman denied that he and Greg had ever engaged in any sort of horseplay or arm wrestling, though he testified that Greg pestered the workmen a lot and "aggravated you all the time."

Greg Crawford's testimony was that he was waiting for someone to call for the elevator when Mr. Newman came around the corner and he (Greg) walked a few feet out of the elevator because, "I was used to playing with him. We grabbed arms and I was walking backward toward the elevator. I grabbed Joe Paul Newman. He had a pipe bender in his other hand. He moved like we were arm wrestling. I was pushing one way and he was pushing the other way. We were stepping over a crack getting into the elevator and Mr. Newman fell. I let him go; I did not pull him to the ground. I did not jerk him before he started to fall. He did not

jerk me. He was then sitting on one foot and told me that it was broken. Mr. Newman was all the way in the elevator and tripped on the crack. When he started to fall, I just let go of his hand. I never fell on the ground."

Greg Crawford said that he and Mr. Newman had arm wrestled once or twice and kidded each other, that he and the workers would kid each other and that the foreman had told him not to engage in horseplay on the job.

Appellants asked the trial court to instruct the jury, pursuant to the Occupational Safety and Health Act of 1970, that

> There were in force in the United States of America at the time of the occurrence one statute and two regulations which provided:
>
> First:    Each employer shall furnish to each of his employees employment in a place of employment which is free from recognized hazards that cause or are likely to cause death or serious physical harm to employees:
>
> Second:    An employer shall permit only those employees qualified by training or experience to operate equipment and machinery; and
>
> Third:    The employer shall instruct each employee in the recognition and avoidance of unsafe conditions and the regulations applicable to his work environment to control or eliminate any hazards or other exposure to illness or injury.
>
> A violation of one or more of these statutes or regulations, although not necessarily negligence, is evidence of negligence to be considered by you along with all of the other facts and circumstances in the case.

The instruction was refused. Appellants then proffered the instruction with the first paragraph deleted and when that too was refused the instruction was again requested with the first and second paragraphs deleted. The trial court again rejected the instruction and these refusals are designated as error. We think the instructions were properly refused.

When instructions are requested which do not con-

form to the Arkansas Model Jury Instructions (AMI) they should be given *only* when the trial judge finds the AMI instructions do not contain an essential instruction or do not accurately state the law applicable to the case. *Ross* v. *State*, 300 Ark. 369, 779 S.W.2d 161 (1989); *Henderson* v. *State*, 284 Ark. 493, 684 S.W.2d 231 (1985). A trial court need not give an instruction which needs explanation, modification, or qualification. *Pineview Farms Inc.* v. *Smith Harvestore, Inc.*, 298 Ark. 78, 765 S.W.2d 924 (1989). Nor is a trial judge required to give repetitious or redundant instructions. *Hooper* v. *Denham*, 281 Ark. 84, 661 S.W.2d 379 (1983). If the model instructions given to the jury cover the matters embraced in the requested instruction, it is not error to refuse such instruction. *Pineview Farms, supra; James* v. *Bill C. Harris Construction Co.*, 297 Ark. 435, 736 S.W.2d 640 (1989); *Dena Construction Co.* v. *Burlington N.R.R.*, 297 Ark. 547, 764 S.W.2d 419 (1989).

■ The requested instruction in *Dena, supra*, was analogous to that requested here. In a railroad crossing case, the following instruction was requested and refused:

> A railroad is under a duty properly to construct and maintain crossings over all public highways on the line of its road in such manner that the crossing is safe and convenient to travelers so far as it can do so without interfering with the safe operation of trains.

The opinion suggests that even if legally correct, the substance of the instruction was included in another instruction that both the railroad and the driver of the vehicle had a duty "to use ordinary care for the safety of their own property and the property of others." Similarly, in this case, we believe appellants' proffered instructions were adequately covered by the general negligence instructions that were given:

> It was the duty of all persons involved in the occurrence to use ordinary care for their own safety and the safety of others.

> and further,

> At the time of the occurrence Greg Crawford and Crawford Construction Company were employer and employee. Therefore, any negligence on the part of Greg Crawford is

charged to Crawford Construction Company.

and

An employer must use ordinary care to select and employee who is competent to perform the work for which he is employed. If an employer knows or reasonably should know that an employee is incompetent in some manner and another person sustains injuries proximately caused by the negligent conduct of the employee arising out of the characteristic which renders him incompetent to perform the work, then the employer's failure to use ordinary care in the selection of the employee would be a proximate cause of the injuries.

■ Moreover, the instruction included at least two provisions that were abstract to the evidence presented in the case. There was no proof whatever that the injury to Joe Paul Newman was the result of Greg Crawford's operation of the elevator, or that the injury resulted from a failure by the personnel of Crawford Construction to instruct Greg Crawford not to engage in horseplay on the job. Indeed, there was undisputed proof to the contrary. Thus in each of the forms in which the instruction was presented, it contained elements that were not relevant to the case. That being so, the trial court did not err in refusing to give the instruction. As stated in *Riddell & McGraw* v. *Little, Adm'x*, 253 Ark. 686, 488 S.W.2d 34 (1972), "[I]nstructions should be based on the evidence in the case, and instructions stating only abstract legal propositions or submitting matters on which there is no evidence should not be given."

Appellants also assign error to the giving of AMI 304:

When I use the words "ordinary care" with respect to the minor Greg Crawford, I mean that degree of care which a reasonably careful minor of his age and intelligence would use under circumstances similar to those shown by the evidence in this case. It is for you to decide how a reasonably careful minor would act under those circumstances."

The instruction was given over an objection to the trial court that Greg Crawford was held by law to the adult standard of care "because the activity involved in this case was an activity that a

minor has to exercise as an adult; if it's an ultrahazardous activity, it has to be exercised as an adult would exercise it. . . ."[1] On appeal, appellants contend that Greg Crawford should be held to an adult standard of care in the operation of the elevator. But as we have already noted, there was no proof connecting the injury to the manner or method by which Greg Crawford operated the elevator, nor anything connected with the incident which could be aptly characterized as "ultrahazardous." Assuming, without deciding, that the injury occurred as a result of the operation of the elevator, it might well be that the instruction would be appropriate, but, as we have seen, the proof was to the contrary.

When a minor is performing or participating in an activity regulated by a regulation or statute which does not differentiate between the standard of care expected of the participant, whether a minor or an adult, then the minor is held to the same standard of care as an adult when involved in the activity. We have stated the rule as follows: In order for a minor to be held to an adult standard of care, he must be engaging in an activity that is dangerous to others and normally engaged in only by adults. *Purtle* v. *Shelton*, 251 Ark. 519, 474 S.W.2d 123 (1971).

If it may be inferred from the argument that appellee was negligent simply by assigning a fourteen year old to a construction site, that element of negligence was adequately covered by the instructions as given.

Finally, appellants object to the refusal of the following instruction:

> You are instructed that a general contractor owes a duty to employees of a subcontractor to exercise ordinary care. A general contractor further owes a duty to employees of a subcontractor to supply such employees with safe working places if the providing of such work place has been expressly or implicitly assumed by the general contractor. A breach of this duty on the part of the general contractor is negligence on the part of the general contractor.

---

[1] Record, p. 617.

■ There was no error in refusing to give this instruction. If the standard instructions given to the jury cover the matters embraced in a requested instruction, as in this case, it is not error to refuse the instruction. A trial judge is not required to give repetitious or redundant instructions. *See Dena, supra; Hopper, supra.*

For the reasons stated, the judgment is affirmed.

PRICE, J., not participating.