Billy Dale JOHNSON, Billy Lynn Johnson and Wife, Kimberly Johnson *v.* Robert L. JONES

92-1327                                                      855 S.W.2d 315

Supreme Court of Arkansas
Opinion delivered June 14, 1993
[Rehearing denied July 19, 1993.*]

*Daggett, Van Dover & Donovan*, by: *Joe R. Perry*, for appellants.

*Murrey L. Grider*, for appellee.

TOM GLAZE, Justice. Appellee Robert Jones brought this lawsuit for injuries he sustained when removing brick veneer from a house owned by appellant Billy Dale Johnson. Jones also sued Billy Dale's son, Billy Lynn Johnson, and Billy Lynn's wife, Kimberly, who is Jones's daughter. Billy Lynn and Kimberly resided in the house rent free at the time Jones was injured. In his complaint, Jones alleged that Billy Dale, Billy Lynn and Kimberly, or one of them, failed to provide Jones a safe place to

---

*Newbern, J., not participating.

work, which resulted in the eventual loss of his left foot and leg three inches above the ankle. At trial, a jury returned a verdict in favor of Jones from which appellants bring this appeal. Appellants raise six points for reversal, but we address only one since we agree the trial court erred in failing to grant their motions for directed verdict. Upon holding that appellants' directed verdict motions should have been granted, we must reverse and dismiss, and there is no need to reach appellants' other arguments.

■ We agree with the appellants that the case of *May Constr. Co.* v. *Frick*, 253 Ark. 642, 488 S.W.2d 3 (1972), is controlling. There, May Construction was constructing a building on the premises where Mrs. Frick resided. During the course of work, May Construction had to pump water from a creek bed located on the premises, and in doing so, it placed two hoses across a sidewalk which Frick had routinely traversed on prior occasions. Frick testified that, when walking on the sidewalk the day she fell, she first saw the hoses about twenty-five feet in front of her. As she approached the hoses, Frick attempted to step over them, but tripped on one, causing her to fall and to sustain an injury. Frick sued May Construction alleging May was negligent for having placed the hoses across the sidewalk. She was awarded a verdict at trial, but this court reversed on appeal. In reversing, this court stated it could not conscientiously say that May's conduct in laying the hoses across the sidewalk was a proximate cause of Mrs. Frick's fall. We defined proximate cause as one which, in a natural and continuous sequence, produces damage. AMI 501 (Civil, 1965).

The *Frick* court concluded that Mrs. Frick was aware of the hoses, thought she could step over them, but failed to do so due to her own miscalculation. In these circumstances, the court held May Construction's actions did not proximately cause Frick's injury. *See also Kubik* v. *Inglehart*, 280 Ark. 310, 657 S.W.2d 545 (1983).

In the present case, Jones testified that, on the day he went to remove the brick veneer on Billy Dale Johnson's house, he first went inside the house, but to gain entrance through the right front door, he had to move a television to the left side of the porch on which the television was located. Jones later removed brick from three sides of the house, and then proceeded to work on the front

side. He related that he again saw the television on the porch when he ascended the steps to the porch and walked past it to get to the location where he began to remove bricks. Jones said that, as he tapped on the corner of the bricks, the remaining front wall of bricks began to fall and "fell faster than I expected it to." He further testified that "[I]f the wall had come down like I had planned it to, I don't think it would have made any difference where the t.v. was at." Instead, Jones said that, when he tapped on the brick, the entire wall came down, so he whirled to jump and in doing so, hit the corner of the television. He then rolled off the porch onto the ground.

From Jones's own testimony, he was well aware of the television's presence and location on the porch when he commenced removing the front wall of bricks. While the television was passively involved in Jones's misfortune, it was his own miscalculation as to the timing and speed of the falling brick wall that proximately caused his injury. For this reason, we must reverse and dismiss.

NEWBERN, J., not participating.