Tony MILLER v. Manuel NIX

93-687                                        868 S.W.2d 498

Supreme Court of Arkansas
Opinion delivered January 24, 1994

*John F. Stroud III*, for appellant.

*Honey & Honey, P.A.*, for appellee.

DAVID NEWBERN, Justice. Tony Miller appeals from a directed verdict in favor of the appellee, Manuel Nix. The Trial Court granted the directed verdict after finding Mr. Miller had failed to prove his damages on his tort claim at trial. Mr. Miller contends that was error. He also asserts error in two evidentiary rulings made by the Trial Court. We affirm the directed verdict.

During the early morning of May 15, 1989, Tony Miller was driving to work through a rural area of Nevada County. It was dark and foggy, and as he approached the point at which the highway

passed land owned by Mr. Nix, his car struck a cow which was in the middle of the road. The collision killed the cow and caused serious injury to Mr. Miller.

Mr. Miller spent two weeks in a hospital and was not able to return to work for approximately three months. Until he fully recovered, he suffered memory loss and coordination problems.

Mr. Miller alleged Mr. Nix was negligent in failing to maintain his fence, failing to warn that his livestock were at large in the highway, and failing to maintain a proper enclosure despite repeated occurrences of escaping cattle. The complaint alleged these negligent omissions proximately caused the injuries and sought $3,290,000 in damages.

During the first trial Mr. Miller testified Mr. Nix offered to provide whatever help he could after the accident. The Trial Court ruled this testimony related to settlement negotiations and ordered a mistrial.

For purposes of the second trial several evidentiary rulings were made by the Trial Court. One concerned the testimony of Mr. Nix's neighbors, James and Emily Gannon. They were prepared to testify that Mr. Nix repaired his fence the day after the accident. The Trial Court ruled this testimony was prohibited as evidence of a subsequent remedial measure under Ark. R. Evid. 407.

The Trial Court also decided to limit further testimony of the Gannons. They were prepared to testify that in a three-year period before Mr. Miller's accident they observed Mr. Nix's cattle at large twenty to twenty-five times. The judge ruled some of the time period was too remote, and limited the Gannons' testimony to incidents within six months before the accident.

Mr. Miller called several witnesses. No one could identify the cow that was struck as belonging to Mr. Nix. During cross examination of these witnesses, the defense elicited testimony that cattle frequently escape and that several land owners in the vicinity of the accident own cattle.

Mr. Miller's attorney also played video taped testimony of Dr. Bohmfalk who testified concerning the injuries, his treatment of them, and Mr. Miller's recovery. He stated that although the

injuries were severe, he believed Mr. Miller had made a complete recovery. Dr. Bohmfalk further stated his fee for Mr. Miller's care was reasonable and customary.

After this testimony, Mr. Miller's attorney attempted to introduce an affidavit prepared by Dr. Bohmfalk stating the total cost of the medical care was $34,450.94. Attached to this affidavit were medical bills of other doctors who provided treatment. The Trial Court ruled the affidavit was hearsay and inadmissible.

At the close of Mr. Miller's case, the defense moved for a directed verdict based on the fact Mr. Miller had failed to prove the cow he struck belonged to Mr. Nix, lack of evidence that Mr. Nix was negligent, and lack of evidence establishing Mr. Miller's damages. The Trial Court reviewed this motion at length, and determined Mr. Miller had presented insufficient evidence to go to the jury on the issue of damages. For this reason, the Trial Court granted a directed verdict in favor of the defendant.

### 1. Directed Verdict

In reviewing a directed verdict, we review the evidence in a light most favorable to the non-moving party and give it its highest probative value, taking into account all reasonable inferences. *Mankey* v. *Wal-Mart Stores, Inc.*, 314 Ark. 14, 858 S.W.2d 85 (1993). A motion for a directed verdict may only be granted if there is no substantial evidence to support a jury verdict. *Id.; Boykin* v. *Mr. Tidy Car Wash, Inc.*, 294 Ark. 182, 741 S.W.2d 270 (1987). In reviewing a trial court's decision, we uphold the ruling if it reached the right result, even though it announced a reason different from the one we assert. *Smackover State Bank* v. *Oswalt*, 307 Ark. 432, 821 S.W.2d 757 (1991).

The Trial Court granted a directed verdict on the issue of damages. The result was correct, as Mr. Miller failed to prove Mr. Nix's negligence proximately caused any damage.

The Trial Court found Mr. Miller had presented evidence of negligence by testimony of the condition of Mr. Nix's fences six months prior to the accident and by testimony of the state trooper investigating the accident, Officer Rateliff. Officer Rateliff testified that, while at the scene of the accident, he inspected the fence line. He found the fence to be in need of repair; however,

he failed to find any holes through which a cow could escape.

Additionally, the Trial Court found Mr. Miller presented no direct evidence to prove Mr. Nix owned the cow that was struck. The Trial Court, however, found sufficient evidence to go to the jury on this issue in the testimony of the Gannons. The Gannons' testimony was that, within the six months prior to Miller's accident, they had observed Nix's cattle at large on a few occasions.

The problem we find in this evidence is that, when taken together, it fails to show how Mr. Nix's negligence, if any, may have proximately caused Mr. Miller's injuries. We have defined proximate cause as that which, in a natural and continuous sequence, produces damage. *Johnson* v. *Jones*, 313 Ark. 449, 855 S.W.2d 315 (1993). Trooper Rateliff expressly stated he observed no openings in Mr. Nix's fence from which a cow might have escaped. While the Gannons' testimony showed the cow involved in the accident might have been Mr. Nix's, when read with Rateliff's testimony, it does not show any negligence which could have led to the cow being in the road. For this reason, we cannot say the Trial Court erred in granting a directed verdict.

## 2. Subsequent remedial measures

Mr. Miller also contends the Trial Court erred in excluding a portion of the Gannons' testimony. This testimony indicated that Mr. Nix repaired his fences the day after the accident. The Trial Court ruled that this testimony was excluded by Ark. R. Evid. 407. Mr. Miller's attorney argued this testimony was being introduced to show ownership of the cow, thus falling within an exception to Rule 407. The Trial Court responded the testimony showed ownership of the fence, not the cow. As Mr. Nix admitted he owned the fence, the Trial Court reasoned this issue was not in controversy, and continued to exclude the testimony.

Arkansas R. Evid. 407 prohibits evidence of subsequent remedial measures to prove negligence, but makes exceptions if the evidence is introduced for another purpose, such as "ownership, control, or feasibility of precautionary measures, if controverted, or impeachment."

In *Gist* v. *Meredith Marine Sales & Service*, 272 Ark. 489, 615 S.W.2d 365 (1981), we held that a matter sought to be

proven by an exception to Rule 407 must actually be in controversy. In the *Gist* case, the appellant was trying to establish the feasibility of subsequent repairs which had been admitted by the appellee. This interpretation of Rule 407 is supported by *Hull* v. *Chevron*, U.S.A., 812 F.2d 584 (10th Cir. 1987). There an oil worker was injured when a drill bit he was installing rolled off the tine of a forklift and onto his leg. The plaintiff sued Chevron and Chase Drilling Company.

An issue at trial was which defendant controlled the daily operations of the well. Chevron sought to introduce evidence, for the purpose of showing control, that after the accident, Chase permitted only one employee to operate the forklift, and fired the one operating the forklift when the plaintiff was injured.

The Trial Court refused to admit this evidence. The United States Court of Appeals for the Tenth Circuit affirmed the decision, stating the control of the forklift was not controverted. The issue, rather, was which party controlled the general day-to-day operation of the oil rig. Just as control of the fork lift was not at issue in the *Hull* case, ownership of the fence is not at issue here. While repair of the fence may be relevant to negligence in its maintenance, Rule 407 makes it inadmissible for that purpose. It does not tend to show ownership of the cow which would constitute an exception pursuant to the Rule.

### 3. Exclusion of other testimony

Mr. Miller also contends the Trial Court erred in excluding further testimony of the Gannons. This proffered testimony indicated the Gannons observed Mr. Nix's cattle at large twenty to twenty-five times in a three year period before the accident. The Trial Court ruled that this period was too remote in time, and limited the testimony to instances within six months of the accident.

This ruling was based on Ark. R. Evid. 403. Our standard of review is abuse of discretion. We hold the Trial Court did not abuse its discretion as there is nothing to suggest that the six-month period was unreasonable or unfair to either party.

### 4. Abstract

The appellee has prepared a supplemental abstract and moves for costs. We agree that the appellant's abstract is fla-

grantly deficient and the appellee's supplemental abstract is appropriate pursuant to Ark. Sup. Ct. R. 4-2(b)(2). The appellee requests $3,956.25 in fees and expenses. We award $2,500.

Affirmed.

HAYS, J., dissents.