SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-16-621

|  |  |
|---|---|
| ULYSSES HURD<br><br>APPELLANT<br><br>V.<br><br>BOB HURT AND SUE HURT<br>APPELLEES | **Opinion Delivered** April 12, 2017<br><br>APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT<br>[NO. 18CV-13-95]<br><br>HONORABLE THOMAS FOWLER, JUDGE<br><br>REVERSED AND REMANDED |

## LARRY D. VAUGHT, Judge

After appellant Ulysses Hurd's leased mobile home exploded, causing him personal injury, he filed suit against appellees Bob and Sue Hurt for negligence. The Crittenden County Circuit Court entered an order of summary judgment finding that the Hurts owed no duty to Hurd and dismissed his complaint. On appeal, Hurd argues that the circuit court erred in granting summary judgment because material issues of facts are in dispute on the issues of whether (1) the Hurts assumed a duty to repair the mobile home; (2) the Hurts failed to warn Hurd; (3) the Hurts violated the Arkansas Fire Code; and (4) the caveat-lessee doctrine set forth in Arkansas Code Annotated section 18-16-110 (Repl. 2015) applies. We reverse and remand.

Hurd testified in his deposition that in January or February 2010, he moved into a mobile home at the Broadway Trailer Park that he leased from Bob Hurt. There was no written lease agreement. Hurd and Hurt orally agreed that Hurd would pay monthly rent of $475.

Hurd stated that while he lived there, he had asked Hurt to make repairs to the toilet, stove, air conditioner, and shower. Hurd testified that he sometimes saw Bob Hurt make the repairs and at other times the repairs were made while Hurd was at work. Hurd further testified that when he first moved into the home he requested that Bob Hurt repair the refrigerator because it was not cooling properly. When Hurd returned from work, the refrigerator was working.

Hurd testified that the refrigerator problem recurred on August 27, 2010. Hurd said that he woke up that morning around 10:00 a.m. and went to his sister's home for two to three hours. When he returned home, he heard a loud "hysterical" hissing sound. Hurd walked across the street to a furniture store operated by the Hurts and reported the noise to Bob Hurt. Hurd said that he asked Bob Hurt if the hissing sound could cause an explosion, and Hurt said no. Hurt also told Hurd that he (Hurt) put Freon in the bottom of the refrigerator and that the noise should stop by the time Hurd returned from work. Hurd returned home and turned on the gas stove to light a cigarette. The mobile home exploded, and Hurd was severely burned.

It was later determined by the fire marshal that the origin of the fire was the furnace in Hurd's mobile home, which the fire marshal found was "located beside the refrigerator." The flex gas line of the furnace was disconnected, which allowed gas to escape into the mobile home. The gas was ignited when Hurd used the stove.

Hurd filed a negligence suit against the Hurts[1] seeking compensatory and punitive damages for the personal injuries he sustained. He alleged that the Hurts failed to maintain the

---

[1]Hurd's complaint also pled negligence against Carolina Restrepo (the Hurts' daughter-in-law) and Broadway M.H.P. LLC, as potential owners of the mobile-home park. The record reveals that at the time of Hurd's accident, Restrepo was the record owner of the mobile-home

furnace and mobile home in a reasonably safe condition after they had undertaken a duty by their actions to maintain the premises; failed to warn him that the hissing sound could have been gas escaping; and violated the Arkansas Fire Code by allowing the gas line to the furnace to be disconnected.

The Hurts filed a motion for summary judgment, contending that there was no dispute that they did not own the mobile home and that they did not enter into a written lease or any other agreement with Hurd; therefore, they did not owe a common-law, statutory, or contractual duty to him. In response, Hurd argued that there were material facts in dispute about (1) the Hurts' ownership and management of the mobile-home park; (2) the Hurts' assumption of the duty by their conduct to maintain or repair the mobile home; and (3) the Hurts' violation of the Arkansas Fire Code. Hurd also argued that statutory protection of landlords applies only to "the premises," which does not include the disconnected gas line.

An order of summary judgment was entered on March 29, 2016, wherein the circuit court found that "there are no genuine issues of material fact regarding the duty the [Hurts] owed [Hurd]" and that "as a matter of law the [Hurts] owed no duty to [Hurd] in this matter." This appeal followed.

On appeal, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material question of fact unanswered. *Moody v. Tarvin*, 2016 Ark. App. 169, at 2, 486 S.W.3d 242, 243. This court views the evidence in the light most favorable to the party against whom the motion

---

park. Hurd's claims against Restrepo and Broadway M.H.P. were dismissed with prejudice in an order filed June 8, 2016. They are not parties to this appeal.

was filed, resolving all doubts and inferences against the moving party. *Id.* at 3, 486 S.W.3d at 243. Summary judgment should be granted only when it is clear that there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law. *Id.*, 486 S.W.3d at 243. Once a moving party has established prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.*, 486 S.W.3d at 243.

Hurd's first point on appeal is that the circuit court erroneously entered summary judgment in favor of the Hurts based on its finding that they owed no duty to Hurd. Arkansas has recognized the common-law doctrine of caveat lessee[2] for almost a century, and under that rule, unless a landlord agrees with his tenant to repair leased premises, he cannot, in the absence of statute, be compelled to do so or be held liable for repairs. *Propst v. McNeill*, 326 Ark. 623, 624, 932 S.W.2d 766, 767 (1996); *see also Majewski v. Cantrell*, 293 Ark. 360, 362, 737 S.W.2d 649, 651 (1987) (stating that a lessor under common law owes no duty of repair of the premises to the lessee but that a landlord who agrees to such repairs can be held liable for them).

The Arkansas legislature decidedly approved of the caveat-lessee doctrine by enacting Arkansas Code Annotated section 18-16-110 in Act 928 of 2005. *Hadder*, 2016 Ark. App. 303, at 9, 495 S.W.3d at 633. In section 1 of Act 928 of 2005, explaining the legislative purpose and intent of this statute, our legislature declared that the Arkansas Supreme Court had "properly and correctly interpreted and applied the law and that existing law should not be altered or

---

[2]Caveat lessee is also known as "tenant beware." *Hadder v. Heritage Hill Manor, Inc.*, 2016 Ark. App. 303, at 4, 495 S.W.3d 628, 631.

extended." *Hadder*, 2016 Ark. App. 303, at 9, 495 S.W.3d at 633–34 (citing Acts of 2005, Act 928, § 1(c)(1)). The legislature further declared that the purpose and intent of the act was to codify the existing Arkansas common-law rule. *Id.*, 495 S.W.3d at 634 (citing Acts of 2005, Act 928, § 1(c)(2)). The statute states as follows:

> No landlord or agent or employee of a landlord shall be liable to a tenant or a tenant's licensee or invitee for death, personal injury, or property damage proximately caused by any defect or disrepair on the premises absent the landlord's:
>
> (1) Agreement supported by consideration or assumption by conduct of a duty to undertake an obligation to maintain or repair the leased premises; and
>
> (2) Failure to perform the agreement or assumed duty in a reasonable manner.

Ark. Code Ann. § 18-16-110.

In this case, the facts are undisputed that there was no written lease or proof of any other agreement or contractual undertaking creating a legal duty on the part of the Hurts to maintain or repair Hurd's mobile home.[3] The only other means to attach a duty would be through an assumption by conduct of a duty to maintain or repair the leased premises. One who assumes to act, even though gratuitously, may thereby become subject to the duty of acting carefully, if he acts at all. *Hadder*, 2016 Ark. App. 303, at 9, 495 S.W.3d at 634.

Hurd argues that there is a question of fact on the issue of whether the Hurts assumed by conduct the duty to maintain or repair Hurd's mobile home. He cites *Hurst v. Feild*, 281 Ark. 106, 661 S.W.2d 393 (1983); *Majewski v. Cantrell, supra*; and *Thomas v. Stewart*, 347 Ark. 33, 60 S.W.3d 415 (2001) in support of his position. In these three cases, the evidence was undisputed that the parties had not entered into written lease agreements; however, there was

---

[3]Hurd makes no argument that the parties entered into an oral agreement that imposed a legal duty on the Hurts to maintain or repair the mobile home.

SLIP OPINION

evidence in each case that the landlord/sublessor agreed to make repairs and/or made repairs to the leased premises, and such evidence was held to be sufficient to raise a question of fact to defeat summary judgment on the issue of whether the landlord/sublessor assumed by conduct the duty to make repairs. *Hurst*, 281 Ark. at 108–09, 661 S.W.2d at 395; *Majewski*, 292 Ark. at 362, 737 S.W.2d at 651; *Thomas*, 347 Ark. at 41, 60 S.W.3d at 420.

Hurd argues that based on *Hurst*, *Majewski*, and *Thomas*, reversal in the case at bar is required because facts are in dispute as to whether the Hurts assumed by conduct the duty to repair Hurd's mobile home. Hurd points to his deposition testimony that he asked Bob Hurt to make repairs to the toilet, the stove, the air conditioner, and the shower; and that Hurt, or someone on Hurt's behalf, made repairs to the stove and the air conditioner.

Hurd also stated that when he first moved into the mobile home, he reported problems with the refrigerator to Bob Hurt, who fixed the problem by adding Freon to it. Hurd further said that on August 27, 2010, when he heard the hissing in his mobile home, he reported it to Hurt and asked if it could explode. Hurt said no, that he had added Freon to the refrigerator and that the noise should stop by the time Hurd returned from work. Bob Hurt confirmed in his deposition that he had a conversation with Hurd on the day of the explosion about the refrigerator. Hurt said Hurd had reported that the refrigerator was making a "bubbly gurgling sound" and asked if it could "blow up." Hurt explained that Hurd "was probably hearing the high side [of the refrigerator compressor] bleed into the low side."

Finally, Hurd attached the affidavits of Laquita Clark, Sireta Alexander Coleman, and Opal Gonzales, all of whom were tenants of the mobile-home park at the time of the explosion. Each tenant stated in her affidavit that Bob Hurt was at the mobile-home park

regularly making repairs or hiring someone to make repairs. Based on this evidence, we hold that there is a genuine issue of material fact whether the Hurts assumed by conduct the duty to maintain or repair Hurd's refrigerator.

The Hurts contend that summary judgment was appropriate because it is undisputed that they did not assume by conduct the duty to maintain or repair the gas line to the furnace. They point out that no evidence was presented that they had made any repairs or agreed to make repairs to the furnace. They claim that any assumed duty to repair the refrigerator did not extend to a general duty for all repairs, including the furnace gas line, and that the refrigerator repairs were unrelated to the leaking gas line.

Our law is well settled that when a landlord undertakes to repair the premises, the landlord is liable for any negligence in making those repairs. *Barnes, Quinn, Flake & Anderson, Inc. v. Rankins*, 312 Ark. 240, 244, 848 S.W.2d 924, 926 (1993) (citing *Sparks v. Murray*, 120 Ark. 17, 178 S.W. 909 (1915)); *see also* Ark. Code Ann. § 18-16-110 (providing that a landlord is required to perform an assumed duty in a reasonable manner).

Here, Hurd argues that the Hurts assumed by conduct the duty of repairing his refrigerator and that there is a genuine issue of material fact as to whether they made the repairs in a reasonable manner. He argues that in making the repair to the refrigerator, Hurt, or someone on his behalf, "unknowingly disconnected" or "dislodged the flex line during the installation of the Freon," resulting in an accumulation of gas, which exploded when Hurd turned on his stove. He cites the fire marshal's investigative report that concluded that the origin of the fire was the gas line running to the furnace, which was "located beside the refrigerator." He cites his testimony that Bob Hurt, or someone at his direction, put Freon in

the refrigerator the day of the explosion and that just minutes before the explosion Hurt said that he had put Freon in the bottom of the refrigerator. Hurt acknowledged that he and Hurd had a conversation about the refrigerator that day.

Whether these facts demonstrate that the Hurts performed the repairs to the refrigerator in a reasonable manner or whether the facts rise to the level of negligence is for the jury to decide. *Barnes*, 312 Ark. at 244, 848 S.W.2d at 926. In either case, summary judgment is not appropriate. Accordingly, we reverse and remand.

We do not reach Hurd's second, third, and fourth points on appeal because the circuit court did not rule on these claims. The sole basis for the circuit court's grant of summary judgment was that the Hurts did not owe a duty to Hurd. It is well settled that the failure to obtain a ruling from the circuit court is a procedural bar to our consideration of the issue on appeal. *Ark. Okla. Gas Corp. v. City of Van Buren*, 85 Ark. App. 157, 165, 148 S.W.3d 282, 288 (2004). It is incumbent upon the appealing party to obtain a ruling on an issue to preserve it for review. *Id.*, 148 S.W.3d at 288. Accordingly, Hurd's second, third, and fourth points on appeal are not preserved.

Reversed and remanded.

ABRAMSON and KLAPPENBACH, JJ., agree.

*Rogers, Coe & Sumpter, Attorneys*, by: *Joe M. Rogers*, for appellant.

*Bart Ziegenhorn*, for appellee.