Cite as 2023 Ark. App. 291

# ARKANSAS COURT OF APPEALS
## DIVISION II
No. CV-22-487

| | |
|---|---|
| VICKI BUSH<br><br>APPELLANT<br><br>V.<br><br>BUSH MACHINE AND TRACTOR, INC.; LAURENCE ERWIN BUSH; RYAN BUSH; AND TORY BUSH<br>APPELLEES | Opinion Delivered May 17, 2023<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NO. 66CV-20-359]<br><br>HONORABLE DIANNA HEWITT LADD, JUDGE<br><br>AFFIRMED |

## STEPHANIE POTTER BARRETT, Judge

Vicki Bush appeals the Sebastian County Circuit Court's grant of summary judgment to appellees Bush Machine & Tractor, Inc. (Bush Machine); Laurence Erwin Bush (Erwin); Ryan Bush; and Tory Bush and ordering her to restore $150,000 to Bush Machine. We affirm.

Bush Machine filed a complaint for conversion against Vicki on April 20, 2020, alleging that she wrongfully conveyed to herself $150,000 in funds belonging to Bush Machine. Specifically, the complaint alleges that on November 19, 2018, one thousand outstanding shares of Bush Machine stock, which were all held by Vicki's husband, Erwin, were conveyed by Erwin to his sons, Ryan and Tory, with each receiving five hundred shares of stock; that Ryan and Tory had been the sole owners and stockholders of Bush Machine

since November 19, 2018; that before ownership was transferred to Ryan and Tory, Vicki was on the Bush Machine account at Farmers Bank; that Vicki had not made any withdrawals of corporate funds after November 19, 2018; that on March 24, 2020, Vicki withdrew $150,000 from the Bush Machine account at Farmers Bank;[1] that this withdrawal was without prior notice and without authority, authorization, consent, or approval of the corporation or any of its officers, directors, or shareholders; that Vicki took funds belonging to Bush Machine; and that Vicki had no authority to make a withdrawal of funds belonging exclusively to Bush Machine. Bush Machine prayed that a judgment be entered against Vicki for $150,000 for conversion of the funds.

On October 21, Vicki filed a motion to add parties, file a third-party complaint, and consolidate actions. She sought to file a third-party complaint against Bush Machine and Erwin, Ryan, and Tory to set aside the transfer of the Bush Machine stock from Erwin to Ryan and Tory as fraudulent because the shares were transferred for no consideration. She alleged Bush Machine was founded by Erwin using marital funds in June 2017; that Erwin was the incorporator, president, and sole shareholder of Bush Machine; that as a result of marital funds, Bush Machine grew substantially in value over time; that in a special meeting of the board of directors, which was Erwin, on November 19, 2018, Erwin agreed to transfer half of the company stock to Ryan and the other half to Tory for no consideration; that the transfer did not occur until January 1, 2019; that such a transfer was an attempt to

---

[1]Vicki filed for divorce from Erwin on March 25, 2020, the day after she withdrew the funds from Bush Machine's corporate account.

circumvent Vicki's claim of a marital interest in Bush Machine; and that such a transfer, without consideration, was fraudulent to Vicki's interest as an existing and future creditor. Alternatively, Vicki sought to impose a constructive trust on the shares of stock, claiming it was marital property subject to equitable division in her pending action for divorce. In an order filed November 23, the circuit court granted Vicki leave to file her third-party complaint and, for trial purposes only, consolidated the action with the pending divorce action. Vicki filed her counterclaim and third-party complaint on November 24.

Bush Machine moved for summary judgment on June 10, 2021, alleging that the issues in the case were who owned the Bush Machine stock at the time Vicki withdrew the $150,000 and whether such a withdrawal was wrongful; that there were no genuine issues of material fact because the stock was held by Ryan and Tory Bush free and clear of any claim by Vicki; that Vicki's withdrawal of Bush Machine funds was wrongful; and that Vicki should be ordered to restore the funds.

In its brief in support of its motion for summary judgment, Bush Machine attached the following exhibits: the sworn testimony from the hearing on Bush Machine's January 14, 2021 motion for interpleader or, alternatively, for preliminary injunction; Bush Machine's 2019 corporate income-tax return showing Ryan Bush's signature as president on the return; stock certificates showing the transfer on January 1, 2019, from Erwin of the one thousand shares of Bush Machine stock to Ryan (five hundred shares) and Tory (five hundred shares); the November 19, 2018 notice of special meeting of the board of directors of Bush Machine, indicating one of the objects of the meeting was to gift five hundred shares of stock each to

Ryan and Tory from Erwin's one thousand shares; Erwin's 2019 gift-tax return for the gifts of stock to Ryan and Tory; the counter check Vicki used to withdraw $150,000 from the Bush Machine account; and a transcript of Tory's June 19, 2020 deposition.

The testimony from the hearing on the motion for interpleader revealed that around Thanksgiving 2018, Vicki and Erwin had a discussion with Bush Machine CPA Mary Jones, who is also Erwin's sister, in which Jones testified that Erwin told her in front of Vicki that he wanted Ryan and Tory to have Bush Machine and that Vicki stated that she thought the boys deserved it. Erwin testified that Vicki did not seem resistant to the boys being given the business during that discussion. The notice of special meeting of the board of directors of Bush Machine was drawn up and signed, reflecting that the special meeting was held on November 19, 2018, and noting that the stock was going to be transferred to Ryan and Tory Bush in equal shares. Copies of the new stock certificates dated January 1, 2019, as well as a 2019 gift-tax return and a 2019 corporate income-tax return indicated that Ryan and Tory each owned five hundred shares of Bush Machine stock. Bush Machine asserted that Vicki removed the funds from its account without prior notice and without prior authorization, consent, or approval of the corporation or any of its officers, directors, or shareholders, and she had wrongfully converted, transferred, and conveyed to herself $150,000 from the Bush Machine account.

In response, Vicki asserted that Erwin fraudulently transferred the stock to Ryan and Tory in an effort to circumvent her marital interest in Bush Machine, and she claimed a marital interest in the $150,000 she removed from the Bush Machine account. Vicki argued

summary judgment was improper because genuine issues of material fact existed that had to be determined by the trier of fact. She claimed she withdrew the funds only to preserve her marital interest in Bush Machine given that the stock had been fraudulently transferred from Erwin to Ryan and Tory. She contended she could not have converted Bush Machine's funds because she had a marital interest in those funds, and she claimed Erwin's transfer of the Bush Machine stock for no consideration was an effort to deprive her of that marital interest in violation of Arkansas Code Annotated section 4-59-204 (Supp. 2021), asserting that she was Erwin's creditor by virtue of her claims to an equitable division of marital property.

In support of her claim that summary judgment was improper, Vicki attached her affidavit denying that she discussed transferring the business to Ryan and Tory before the action was taken, stating that she did not consent to the purported transfer, she did not receive any consideration for the transfer, and she was only made aware of the purported transfer at the time litigation began.

The circuit court entered an order granting Bush Machine's motion for summary judgment on April 15, 2022, finding Vicki had failed to meet proof with proof and could not show that a genuine issue remained for the fact-finder. Vicki was ordered to restore the $150,000 she had taken from the Bush Machine account.

It is well settled that summary judgment should be granted only when it is clear there are no issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *Farm Bureau Mut. Ins. Co. of Ark., Inc. v. Hopkins*, 2018 Ark. App. 174, 545 S.W.3d

5

257. The burden of sustaining a motion for summary judgment is always the responsibility of the moving party. *Dodson v. Allstate Ins. Co.*, 365 Ark. 458, 231 S.W.3d 711 (2006). All proof submitted must be viewed in the light most favorable to the party against whom the motion was filed, and any doubts and inferences must be resolved against the moving party. *Hurd v. Hunt*, 2017 Ark. App. 228, 519 S.W.3d 710. Once the moving party has established a prima facie case showing entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Scott v. Nichol*, 2022 Ark. App. 255, 645 S.W.3d 369. The nonmoving party may not rest on the mere allegations in its pleadings but instead must produce affidavits or other evidence as provided by Ark. R. Civ. P. 56 to show specifically there is a genuinely disputed issue of material facts. *Wheeler v. Phillips Dev. Corp.*, 329 Ark. 354, 947 S.W.2d 380 (1997).

Conversion is a common-law tort action for the wrongful possession or disposition of another's property. *KBX, Inc. v. Zero Grade Farms*, 2022 Ark. 42, 639 S.W.3d 352. To establish liability for the tort of conversion, a plaintiff must prove the defendant wrongfully committed a distinct act of dominion over the property of another, which is a denial of, or is inconsistent with, the owner's rights. *Id.* If the defendant exercises control over the goods in exclusion or defiance of the owner's rights, it is a conversion, whether it is for defendant's own use or another's use. *Id.*

It is uncontroverted that Vicki took the $150,000 from the Bush Machine account. Vicki claims that her withdrawal of the funds was not wrongful because she has a marital

interest in Bush Machine. Erwin fraudulently transferred his shares of Bush Machine stock to Ryan and Tory, and she took the money to protect her marital interest.

Vicki argues that she opened the Bush Machine account and was an authorized signatory; therefore, her withdrawal could not be wrongful. In support of this argument, she cites 31 C.F.R. § 1020.220(a)(2)(ii)(C) (2021), titled "Customer identification program requirements for banks," which states:

> ***Additional verification for certain customers.*** The CIP must address situations where, based on the bank's risk assessment of a new account opened by a customer that is not an individual, the bank will obtain information about individuals with authority or control over such account, including signatories, in order to verify the customer's identity. This verification method applies only when the bank cannot verify the customer's true identity using the verification methods described in paragraphs (a)(2)(ii)(A) and (B) of this section.

She also cites 12 C.F.R. 330.6(a) (2022), titled "Single ownership accounts," which provides:

> ***Individual accounts.*** Funds owned by a natural person and deposited in one or more deposit accounts in his or her own name shall be added together and insured up to the SMDIA in the aggregate. Exception: Despite the general requirement in this paragraph (a), if more than one natural person has the right to withdraw funds from an individual account (excluding persons who have the right to withdraw by virtue of a Power of Attorney), the account shall be treated as a joint ownership account (although not necessarily a qualifying joint account) and shall be insured in accordance with the provisions of § 330.9, unless the deposit account records clearly indicate, to the satisfaction of the FDIC, that the funds are owned by one individual and that other signatories on the account are merely authorized to withdraw funds on behalf of the owner.

Neither of these regulations is applicable in this matter. Even if Vicki's name was on the Bush Machine account as a signatory, that did not give her the authority to remove funds for her own personal use. And 12 C.F.R. 330.6(a) applies to individual accounts, not corporate accounts.

7

Vicki also argues that Bush Machine was a marital asset, and Erwin could not divest her of her marital interest, which was what the $150,000 withdrawal signified. Alternatively, Vicki argues that Erwin fraudulently transferred the Bush Machine stock to Ryan and Tory to divest her of her interest in Bush Machine.

The evidence provided to the circuit court showed that Bush Machine's corporate minutes reflected a November 19, 2018, special meeting of the Bush Machine board of directors, stating that Erwin's outstanding one thousand shares of stock were going to be transferred to Ryan and Tory in equal shares. New stock certificates, with five hundred shares in Ryan's name and five hundred shares in Tory's name, were issued on January 1, 2019. A 2019 gift-tax return reflecting Erwin's gifts to his sons was filed with the IRS, and a 2019 corporate income-tax return listed Ryan and Tory as owners of the Bush Machine stock. When a summary-judgment motion is put forth with affidavits attached, the motion's opponent cannot rely on a bare denial or contrary allegation but must meet proof with proof. *Rankin v. City of Fort Smith*, 337 Ark. 599, 990 S.W.2d 535 (1999). Vicki failed to meet proof with proof to show that any of these actions were fraudulent or intended to divest her of any interest she might have in Bush Machine. We affirm the circuit court's grant of summary judgment to Bush Machine ordering Vicki to repay the $150,000 she converted from the Bush Machine account.

Affirmed.

THYER and WOOD, JJ., agree.

*Taylor Law Partners, LLP*, by: *Andrew Myers*, for appellant.

8

*Gean, Gean & Gean*, by: *Roy Gean III*, for appellees.