Cite as 2025 Ark. App. 223

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CV-23-797

| | |
|---|---|
| ANGEL SMITH<br><br>APPELLANT<br><br>V.<br><br>HOT SPRINGS PROPERTY MANAGMENT LLC<br><br>APPELLEE | Opinion Delivered April 16, 2025<br><br>APPEAL FROM THE UNION COUNTY CIRCUIT COURT [NO. 70CV-20-254]<br><br>HONORABLE JIM F. ANDREWS, JR., JUDGE<br><br>AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

Angel Smith appeals the Union County Circuit Court order entering summary judgment in favor of Hot Springs Property Management LLC (HSPM). On appeal, Smith argues that the circuit court erred by finding that the caveat-lessee doctrine barred her negligence claim against HSPM, which arose during a short-term rental of a house. She alternatively argues that she is a third-party beneficiary to a contract in which HSPM agreed to maintain and repair the house. We affirm.

On September 17, 2020, Smith filed a complaint for negligence against HSPM. She explained that HSPM maintains, manages, and leases residential properties, and she and a group of friends rented a house from HSPM in June 2019. She claimed that during the night, she fell on irregular stairs in the house and fractured her tibia bone. She asserted that HSPM owed her a duty as an invitee to use ordinary care to maintain the premises in a

reasonably safe condition and that HSPM created a dangerous condition on the stairs by not complying with the building codes and failing to warn her of the condition. She requested damages for medical care and treatment, pain, suffering, mental anguish, loss of enjoyment of life, and loss of earnings.

On October 15, HSPM answered Smith's complaint and filed a third-party complaint against Debby and Steven Miller. In relevant part, it alleged that the Millers own the house and that it had entered into a property-management agreement with them to rent, lease, and manage the house.

On November 29, 2021, HSPM moved for summary judgment against Smith. It argued that the caveat-lessee doctrine at Arkansas Code Annotated section 18-16-110 (Repl. 2015) barred Smith's claim. HSPM pointed out that Smith's friend, Jasmine Brown, entered into an agreement with HSPM to lease the house for three days and that HSPM did not agree with Brown to undertake an obligation to maintain or repair the premises. HSPM attached its rental-management agreement with the Millers, Brown's rental confirmation with HSPM, and an affidavit of its owner. In the affidavit, the owner stated that Brown had exclusive possession of the premises during her reservation.

On December 16, Smith responded. She argued that that the transient-occupancy exemption in Arkansas Code Annotated section 18-17-202(4) (Repl. 2015) of the Arkansas Residential Landlord-Tenant Act of 2007 applied because HSPM charged and collected sales tax for the short-term rental. She thus claimed that she was a business invitee, not a tenant, and she argued that the caveat-lessee doctrine did not bar her negligence claim.

2

On January 27, 2022, HSPM filed a motion asking the court to reconsider the denial of its summary-judgment motion. HSPM explained that the circuit court had conducted a hearing on January 26 and that the court orally denied HSPM's summary-judgment motion because there remained questions of fact. However, HSPM argued that its motion presented a question of law.

On April 26, 2023, Smith amended her complaint, and she alleged that the absence of a handrail proximately caused her fall and that the absence was an open and obvious danger.

On April 27, HSPM again filed a motion asking the court to reconsider its summary-judgment motion, asserting the motion presented a question of law. HSPM noted that the court still had not entered an order.

On May 18, Smith filed a response to HSPM's motion for reconsideration. She argued that even if the caveat-lessee doctrine applied, HSPM agreed to maintain services to tenants in its contract with the Millers and that she is a third-party beneficiary to that contract.

On June 30, the court held a hearing. At the beginning of the hearing, the court noted that a former circuit court judge had conducted a hearing on the summary-judgment motion in January 2022 and had orally denied it but never entered a written order. The parties stipulated that the court could consider the motion "anew."

Thereafter, on September 8, the court entered an order granting summary judgment in favor of HSPM. The court found that a landlord-tenant relationship existed and that the

3

caveat-lessee doctrine barred Smith's negligence claim. In making this finding, the court found that Brown had exclusive possession of the property. The court also found that no facts supported a claim that HSPM agreed with Brown to assume liability for alleged defects in the property or by its conduct. The court further found that its decision on HSPM's summary-judgment motion rendered the claims against the Millers moot. This appeal followed.

Our summary-judgment standard is well settled. Summary judgment may be granted only when there are no genuine issues of material fact to be litigated. *Greenlee v. J.B. Hunt Transp. Servs., Inc.*, 2009 Ark. 506, 342 S.W.3d 274. The burden of sustaining a motion for summary judgment is always the responsibility of the moving party. *McGrew v. Farm Bureau Mut. Ins. Co. of Ark.*, 371 Ark. 567, 268 S.W.3d 890 (2007).

Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Greenlee*, 2009 Ark. 506, 342 S.W.3d 274. On appellate review, this court determines if summary judgment was appropriate by deciding whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *Id.* We view the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* Our review focuses not only on the pleadings but also on the affidavits and other documents filed by the parties. *Id.* As to issues of law presented, our review is de novo. *State v. Cassell*, 2013 Ark. 221, 427 S.W.3d 663.

On appeal, Smith argues that the circuit court erred by finding that the caveat-lessee doctrine[1] barred her negligence claim because a short-term rental does not create a landlord-tenant relationship. In making this argument, Smith claims that Brown did not have exclusive possession of the property because Brown was like a hotel guest or lodger and only had a right to use the house. She cites out-of-state cases discussing the difference between hotel guests and tenants.

However, this court addressed and rejected a similar argument in *Franke v. Clinton William Holland Revocable Trust UAD Aug. 9, 2010*, 2021 Ark. App. 310, 633 S.W.3d 772. Specifically, we held that landlord-tenant principles and thus the caveat-lessee doctrine applied to a one-night rental of a warehouse for a party. *Id.* We rejected the appellant's

---

[1]Arkansas has recognized the caveat-lessee doctrine for almost a century. Under that rule, unless a landlord agrees with his tenant to repair leased premises, he cannot, in the absence of statute, be compelled to do so or be held liable for repairs. *Hurd v. Hurt*, 2017 Ark. App. 228, at 4, 519 S.W.3d 710, 712 (citing *Propst v. McNeill*, 326 Ark. 623, 932 S.W.2d 766 (1996)). The Arkansas legislature approved of the caveat-lessee doctrine by passing Act 928 of 2005, codified at Arkansas Code Annotated section 18-16-110. *Hadder v. Heritage Hill Manor, Inc.*, 2016 Ark. App. 303, 495 S.W.3d 628. The statute provides as follow:

> No landlord or agent or employee of a landlord shall be liable to a tenant or a tenant's licensee or invitee for death, personal injury, or property damage proximately caused by any defect or disrepair on the premises absent the landlord's:
>
> (1) Agreement supported by consideration or assumption by conduct of a duty to undertake an obligation to maintain or repair the leased premises; and
>
> (2) Failure to perform the agreement or assumed duty in a reasonable manner.

Ark. Code Ann. § 18-16-110.

argument that the short-term nature of the agreement more closely resembled a one-night license to occupy a hotel room rather than a long-term lease. *Id.* As to Smith's argument on exclusive possession, she points to nothing in Brown's agreement with HSPM concerning possession that differs from any other lease.

Smith also argues that the circuit court erred by finding that the transient-guest exception in Arkansas Code Annotated section 18-17-202(4) did not preclude application of the caveat-lessee doctrine. She points out that HSPM charged and collected sales tax on the short-term rental, and she claims that the transient-guest exception demonstrates that the legislature did not intend for landlord-tenant laws to apply to transient guests.

We disagree. Arkansas Code Annotated section 18-17-202 provides, "The following arrangements are not governed by this chapter: . . . (4) Transient occupancy in a hotel, motel, or other accommodation subject to any sales tax on lodging." The caveat-lessee doctrine is a common-law principle that has been codified at chapter 16, not chapter 17, and chapter 16 does not include this exception or an exception for short-term rentals. Thus, the circuit court did not err in finding that the transient-guest exception did not apply here.

Smith further argues that the caveat-lessee doctrine should not apply to short-term rentals for policy reasons. She argues that a short-term-rental lessor can evade his duties to guests and that guests can never pursue damages for negligence. She points out that short-term guests generally do not inspect the property before their stay and will leave before repairs can be completed.

However, public policy is for the General Assembly to establish, not the courts. *McCutchen v. City of Fort Smith*, 2012 Ark. 452, 425 S.W.3d 671; *see Propst*, 326 Ark. 623, 932 S.W.2d 766 (before the codification of the caveat-lessee doctrine, the supreme court stated that a reexamination of the caveat-lessee doctrine is for the legislature due to policy considerations and possible effect of enlarging a landlord's liability).

Smith's final argument is that even if the caveat-lessee doctrine applies here, HSPM agreed with the Millers to make repairs to maintain service to tenants in the rental-management agreement, and she claims that she is a third-party beneficiary to that agreement. She relies on paragraph (e) which states that the

> [a]gent shall arrange and supervise routine maintenance, repair, and alterations of said Premises and shall purchase supplies and pay all bills therefore, such cost will be deducted from Owner's revenue. Agent agrees to secure prior approval of Owner on all expenditures in excess of One Hundred Dollars ($100) for any one item, except monthly or reoccurring costs and/or emergency repairs in excess of the maximum, if in the opinion of Agent such repairs are necessary to protect the property from damage or to maintain services to tenants.

However, the circuit court did not issue a ruling on whether Smith was a third-party beneficiary to HSPM's contract with the Millers. It is well settled that the failure to obtain a ruling from the circuit court is a procedural bar to our consideration of the issue on appeal. *Hurd*, 2017 Ark. App. 228, 519 S.W.3d 710. It is incumbent on the appealing party to obtain a ruling on an issue to preserve it for review. *Id.* Because Smith did not obtain a ruling, we are precluded from addressing this argument on appeal.

Affirmed.

KLAPPENBACH, C.J., and MURPHY, J., agree.

7

*Law Office of Phyllis B. Eddins, PLLC*, by: *Phyllis B. Eddins*, for appellant.

*Gill Ragon Owen, P.A.*, by: *Jason A. Lee*, for appellee.